Eastern District of Kentucky
F I L E D
AUG 0 2 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-465-GWU

RALPH MAYFIELD,                                     PLAINTIFF,

VS.                   MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT,

INTRODUCTION

Ralph Mayfield brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mayfield, a 38 year-old former janitor and drywall applicator/construction worker with a "limited" education, suffered from impairments related to lumbar disc disease, major depression, and a substance abuse disorder. (Tr. 16, 21). Provided the plaintiff stopped using drugs and alcohol, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.[1] (Tr. 26-27). While the claimant's past relevant work would be precluded, the ALJ found that a significant number of other jobs could still be performed and, so, he could not be considered totally disabled. (Tr. 27). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 25).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security

---

[1] Public Law 104-121 precludes a finding of disabled status when drug or alcohol abuse is a contributing material factor.

5

benefits. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question did not fairly depict Mayfield's physical condition. The physical restrictions presented to Vocational Expert Anne Thomas included a limitation to light level work along with such non-exertional limitations as (1) an inability to ever climb ladders, ropes, and scaffolds; (2) an inability to more than occasionally stoop, kneel, and crawl; and (3) a need to avoid concentrated exposure to vibration. (Tr. 560-561). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 560).

These physical factors were essentially consistent with the restrictions identified by Dr. John Rawlings (Tr. 309-320) and Dr. Calixto Hernandez (Tr. 349-356), the non-examining medical reviewers. Far more severe physical restrictions were identified by Dr. Howard Lynd, a treating physician, on a June 30, 2002 assessment. (Tr. 187-188). The ALJ rejected Dr. Lynd's opinion in favor of those of the medical reviewers. (Tr. 21-22). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, Dr. Rawlings saw the record in February of 2002 while Dr. Hernandez saw it on June 28, 2002. (Tr. 317, 356). Thus, neither reviewer had the opportunity to see and comment upon the opinion of Dr. Lynd. Furthermore, Dr. Lynd's findings appear to be based on at least some objective medical findings. In January of 2002, the doctor noted a diagnosis of a herniated disc at L5-S1 (Tr. 191), which was later confirmed by an MRI Scan of the lumbosacral spine (Tr. 189). The ALJ should at least have

6

sought the advice of a medical advisor who had seen the entire record.

The ALJ also erred in her evaluation of the Mayfield's mental problems. The only mental limitations presented by the ALJ in the hypothetical question were a restriction to simple repetitive tasks in an object-focused environment. (Tr. 560). These restrictions came from the opinion of Psychologist Ilze Sillers, a non-examining medical reviewer. (Tr. 328). However, the Court notes that Sillers also identified a number of "moderate" restrictions with regard to the ability to maintain attention and concentration for extended time periods, interacting appropriately with the general public, and setting realistic goals or making plans independently of others which were not presented to the vocational expert.[2] (Tr. 321-322). Thus, the hypothetical question did not fairly reflect Sillers' findings. Psychologist Edward Ross, another medical reviewer, also reported the existence of "moderate" limitations with regard to maintaining regular attendance, performing activities within a schedule and being punctual within customary tolerances as well as interacting with the general public which were not presented to the vocational expert. (Tr. 344-345). Thus, the opinion of neither reviewer supported the administrative decision.

The Court notes that even if the hypothetical question had been consistent with the opinions of the medical reviewers, the ALJ still erred in evaluating the evidence of record. Psychologist James Leisenring examined the

---

[2]The factors presented by the ALJ came from Section III of the assessment form while the omitted factors came from Section I. The form in Section I states that "each mental activity is to be evaluated within the context of the individual's capacity to sustain that activity over a normal workday and workweek, on an ongoing basis." (Tr. 321). The form indicates that the purpose of Section III is to enable the reviewer to explain and elaborate on the capacities identified in the preceding section in narrative form. (Tr. 323). Therefore, Section III does not supersede the limitations contained in Section I.

plaintiff in December of 2003 and identified very severe mental restrictions with regard to relating to co-workers, dealing with public, using judgment, interacting with supervisors, dealing with stresses, behaving in an emotionally stable manner and relating predictably in social situations. (Tr. 463-464). Neither reviewer had the opportunity to see or comment upon this report since their reviews of the record occurred in January and July of 2002. (Tr. 323, 346). As previously noted, under Barker, the ALJ could not rely upon a non-examiner over an examining source unless they had seen and commented on all pertinent evidence. The defendant notes that Leisenring constantly qualified his findings in the narrative portion of his report. Nevertheless, he did diagnose a major depression and an anxiety disorder and related the aforementioned mental problems to these conditions. (Tr. 460-461, 463-464). If the ALJ found the examiner's report questionable, she should at least have sought the advice of a medical advisor who had seen the entire record. Therefore, a remand of that action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ____2____ day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE